# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

No. 25-20419

Lillian Gonzalez,

*Plaintiff—Appellant*,

*versus*

2009 Houston Scott Street, L.P., *doing business as* Austin Development Lots; Rene O. Campos; Marcus Dominic; Eureka Multifamily Group, L.P.; Kristy O. Neil,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-5143

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Lillian Gonzalez brought several state and federal law claims against her former landlords arising from her time as a tenant. The district court granted the Defendants' motion for summary judgment and dismissed all claims. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20419

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, Gonzalez became a tenant at Southlawn Palms Apartments, where she lived with her minor children in a unit subsidized by the Section 8 Moderate Rehabilitation Program of the U.S. Department of Housing and Urban Development (HUD). **ROA.165.** Gonzalez received rental assistance pursuant to a contract administered by the Houston Housing Authority in conjunction with the Defendants. **ROA.9.**

Gonzalez alleges that in December 2022, her minor daughter was taken from a convenience store adjacent to the apartment complex and sexually assaulted. **ROA.965.** Gonzalez requested that the Defendants transfer her family to another unit due to safety concerns, but the Defendants denied that request. **ROA.965.** According to Gonzalez, the Defendants did not provide forms and notice required by the Violence Against Women Act (VAWA). **ROA.20, 27, 965.**

In February 2023, Gonzalez filed a complaint with HUD. **ROA.964.** She alleged that the Defendants violated federal housing regulations by failing to meet requirements regarding documentation, notice of occupancy rights, and the emergency transfer process. **ROA.964.**

Additionally, Gonzalez avers that in April 2023, she was outside with her children within the complex when a neighbor screamed at them to stay off the neighbor's side of the property. **ROA.21.** The Defendants then told Gonzalez that if she and her children did not go inside, Gonzalez would receive a ten-day eviction notice. **ROA.21.** Gonzalez refused, stating that she would stay outside to supervise her children because of the neighbor's harassment. The Defendants issued the notice. **ROA.22.** After an informal hearing requested by Gonzalez, the Defendants withdrew the notice. **ROA.599-601.** Gonzalez's tenancy ended in October 2023, when she chose to terminate her lease. **ROA.165.**

Gonzalez brought claims under the Fair Housing Act (FHA), VAWA, and 42 U.S.C. § 1983, as well as Texas state law claims for intentional infliction of emotional distress and breach of the covenant of quiet enjoyment. **ROA.8.** Adopting the magistrate judge's recommendation, **ROA.1030,** the district court granted the Defendants' motion for summary judgment and dismissed all claims. **ROA.1079.** Gonzalez appealed. **ECF 1.**

## DISCUSSION

We give *de novo* review to a grant of summary judgment. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215 (5th Cir. 2024). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and it is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 255.

The district court correctly dismissed Gonzalez's VAWA claim because that statute does not confer a private right of action. *See United States v. Morrison*, 529 U.S. 598, 601 (2000) (invalidating VAWA's civil remedy provision). Gonzalez argues that VAWA nonetheless creates rights enforceable under 42 U.S.C. § 1983. **Appellant's Supp. Br. 18.** The Supreme Court has held, however, that "dismissal is proper if Congress specifically foreclosed a remedy under [Section] 1983," which "Congress may do . . . impliedly, by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under [Section] 1983." *Blessing v. Freestone*, 520 U.S. 329, 341 (1997). Here, Congress did so by providing

3

that VAWA's housing-related rules be enforced by federal agencies like HUD. *See* 34 U.S.C. §§ 12492(a)(1), 12493.

The district court also dismissed Gonzalez's FHA claim that the Defendants discriminated against her on the basis of sex or familial status. The district court correctly concluded that Gonzalez failed to produce evidence that, in being denied an immediate VAWA emergency transfer after the sexual assault of her daughter, she was treated differently than similarly situated tenants outside of her protected class. *See Crain v. City of Selma*, 952 F.3d 634, 640–41 (5th Cir. 2020). Gonzalez further asserts that the Defendants discriminated against her by issuing an eviction notice after she refused to stop her children from playing in the common outdoor area because it caused disruption. **See ROA.21, 165.** The district court rightly held, however, that Gonzalez offered no evidence that the Defendants issued the eviction notice because of her sex or familial status, such as by showing that tenants without children were allowed to ignore the Defendants' instructions without penalty. *See id.* The Defendants were thus entitled to summary judgment on the FHA discrimination claim.

Gonzalez also raised a retaliation claim under the FHA, arguing that in response to her filing a HUD complaint, the Defendants issued the eviction notice and refused to repair her unit. **See ROA.23, 25–26; Appellant's Supp. Br. at 21.** The district court properly dismissed Gonzalez's claim because the Defendants' alleged behavior did not sink to the level of coercing, intimidating, threatening, or interfering with Gonzalez's rights under the FHA. *See* 42 U.S.C. § 3617. That is because the Defendants merely issued an eviction notice that was promptly withdrawn following an informal hearing. They took no further action to evict Gonzalez. **See ROA.599-601.** Furthermore, Gonzalez's allegations regarding the Defendants' refusal to make repairs concern the habitability of

the unit rather than discrimination that adversely affects the availability of housing. *See Cox v. City of Dallas*, 430 F.3d 734, 741 (5th Cir. 2005).

On the same basis as her retaliation claim under the FHA, Gonzalez made a claim under 42 U.S.C. § 1983 that the Defendants retaliated against her for exercising her First Amendment rights. ***See* ROA.25–26.** The district court correctly dismissed this claim because Gonzalez presented no evidence that the Defendants acted under color of state law as required by Section 1983. Moreover, Gonzalez's contention fails even if construed as a federal claim because the Defendants' accepting federal housing assistance vouchers did not make them governmental actors. *See Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1243–44 (5th Cir. 1982); *see also Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019) ("The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors.").

Relying on these same factual allegations, Gonzalez brought a claim under Texas law for intentional infliction of emotional distress, contending that the Defendants inflicted stress and trauma on her by intentionally depriving her of safe housing, enjoyment of property, and protections under VAWA. **ROA.23.** The Defendants were entitled to summary judgment on this claim because their behavior was not "outrageous," as required under Texas law, given that it did not go "beyond all possible bounds of decency" in a manner that was "atrocious, and utterly intolerable in a civilized community." *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993) (quotation omitted).

Gonzalez also brought a Texas law claim for breach of the covenant of quiet enjoyment. **ROA.27.** The district court properly dismissed that claim because Gonzalez provided no evidence that she was either constructively or

actually evicted, as Texas law requires for such a claim. *See Holmes v. P.K. Pipe & Tubing, Inc.*, 856 S.W.2d 530, 539 (Tex. App. 1993).

Finally, Gonzalez argues summary judgment was improper because there is a genuine dispute as to a material fact: the exact date on which she notified the Defendants of the sexual assault of her daughter and requested the emergency transfer. *See* FED. R. CIV. P. 56(a)**; Blue Br. 19**. A factual dispute is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. For the reasons previously discussed, Gonzalez's claims fail, regardless of whether she made the notification and request in November or December 2022. The district court properly granted summary judgment in favor of the Defendants.

AFFIRMED.